IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| Plaintiff, : | |
| : | **Civil Case No.** |
| v. : | **7:10-cv-153 (HL)** |
| : | |
| **ONE 2003 Chevrolet Suburban,** : | |
| **VIN: 3GNEC16Z13G294699,** : | |
| : | |
| Defendant Property. : | |

## ORDER

Before this Court is the United States' Motion to Strike the Responsive Pleading of Ms. Irene R. Fuller and for Issuance of a Final Order of Forfeiture (Doc. 7). For the reasons set forth below, the Motion is granted.

### I. Background

On December 14, 2010, the United States filed a Verified Complaint for Forfeiture in this action (Doc. 1). In the Complaint, the United States alleged that the Defendant Property was subject to forfeiture under the Controlled Substances Act, 21 U.S.C. § 881(a)(6), because the Property was furnished or intended to be furnished in exchange for a controlled substance.

On December 30, 2010, the United States sent the Notice of Forfeiture, Verified Complaint, and Warrant of Arrest In Rem to Mr. Laurent at the D. Ray James Correctional Facility, where he was incarcerated. The Notice of Forfeiture informed Mr. Laurent that he had thirty-five days from the date of the Notice to

file a Claim for Defendant Property. On March 4, 2011, Ms. Irene Fuller, Mr. Laurent's mother, filed a Claim for Defendant Property on her son's behalf (Doc. 6).

## II. Forfeiture Actions

To proceed in a forfeiture action, a claimant must establish both Article III standing and statutory standing. United States v. $38,000.00 in U.S. Currency, 816 F.2d 1538, 1544 (11th Cir. 1987). Article III standing is established by demonstrating the existence of a "case or controversy, in the constitutional sense, capable of adjudication in the federal courts." Id. In contrast, statutory standing requires the claimant to establish that he has complied with the applicable statutory requirements. The procedural requirements for a forfeiture action are found in 18 U.S.C. § 983 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture ("Supplemental Rules"). U.S. v. $13,970.00 in U.S. Currency, No. 5:06-cv-386 (CAR), 2007 WL 1231659, at *2 (M.D. Ga. 2007 Apr. 26, 2007). The requirements in these statutes must be met to demonstrate proper standing in a forfeiture action.

Under section 983, a claimant must file a verified complaint asserting an interest in the property within thirty-five days of receiving the government's notice of forfeiture. 18 U.S.C. § 983(2)(b); see also RULES G(4)(B)(II)(B), (5)(A)(II)(A) OF THE SUPPLEMENTAL RULES. A verified complaint is "a sworn notice of claim and is essential to conferring statutory standing upon a claimant in a forfeiture action." $13,970.00 in U.S. Currency, 2007 WL 1231659, at *2 (citing United States v.

$125,938.62, 370 F.3d 1325, 1328 (11th Cir. 2004)). The claim must also meet the following requirements: "(A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D)." RULE G(5)(A)(I) OF THE SUPPLEMENTAL RULES. In addition to the verified complaint, claimants must file an answer to the government's forfeiture complaint within twenty days after the claim was filed. RULE G(5)(B) OF THE SUPPLEMENTAL RULES. These standing requirements are not merely procedural; they also ensure that the government is provided with timely notice of a claimant's interest in contesting the forfeiture. U.S. v. $14,605.00 in U.S. Funds, No. 5:07-cv-5 (HL), 2007 WL 3027395, at *1 (M.D. Ga. Oct. 15, 2007). Further, by requiring a sworn claim, the procedural requirements serve to deter the filing of false claims. Id.

Claimants are expected to "strictly adhere to the procedural requirements of the Supplemental Rules to achieve statutory standing to contest a forfeiture action." Id. See also $38,000.00 in U.S. Currency, 816 F.2d at 1544-48 (noting that "[c]ourts consistently have required claimants to follow the language of the Supplemental Rules to the letter"); $14,605.00 in U.S. Funds, 2007 WL 3027395, at *1 (determining that "[a] district court may require claimants in forfeiture proceedings to comply strictly with the rule's requirements in presenting claims to the court") (citing United States v. $125,938.62, 370 F.3d 1325, 1328 (11th Cir. 2004)).

However, the district court does have the discretion to extend the filing period. Id. Factors to be considered by the district court in determining whether to exercise its discretion include:

> the time the claimant became aware of the seizure, whether the Government encouraged the delay, the reasons proffered for the delay, whether the claimant had advised the court and the Government of his interest in defendant before the claim deadline, whether the Government would be prejudiced by allowing the late filing, the sufficiency of the answer in meeting the basic requirements of a verified claim, and whether the claimant timely petitioned for an enlargement of time.

U.S. v. $125, 938.62, 370 F.3d 1325, 1329 (11th Cir. 2004) (citations omitted). This Court has previously chosen to exercise its discretion despite a claimant's failure to submit a verified complaint because the claimant timely submitted an answer to the government's complaint. $14,605.00 in U.S. Funds, 2007 WL 3027395 at *2. This Court held that the purpose of the Supplemental Rules was served because the government was provided with notice of the claim, and thus, forfeiture was not an appropriate remedy for the failure to file a verified complaint. Id.

In this case, Mr. Laurent failed to meet the procedural requirements necessary to establish statutory standing. Mr. Laurent's mother, who filed a claim on behalf of her son, was almost a month late in responding to the Government's notice. The deadline for Mr. Laurent's claim was February 3, 2011, and Ms. Fuller did not file her claim until March 4, 2011. Unlike $14,605.00 in U.S. Funds, in this case, the Government was not given any notice of Mr. Laurent's interest in

the Defendant Property before the deadline, and there is no explanation given for the delay nor is there any evidence of a request for an extension. Additionally, Ms. Fuller's claim failed to establish the requisite elements of a verified claim. In violation of Rule G(5), she failed to fully state the claimant's interest and also neglected to include the requisite oath or affirmation. Aside from Ms. Fuller's pro se status, there are no factors in this case that persuade the Court to exercise its discretion to excuse the flaws in Ms. Fuller's claim.

The lack of compliance with Supplemental Rule 5(G) is fatal to Mr. Laurent's claim. The absence of requisite procedural elements and the delay in filing necessitates a finding that Mr. Laurent's claim be removed from the record. Thus, the Government's Motion to Strike is granted.

Seeing as no other person or entity has filed a claim and answer in this action and the time for filing a timely claim has expired, all right, title, and interest in the Defendant Property is hereby forfeited to and vested in the United States.

**SO ORDERED**, this 29th day of September, 2011.

>  *s/Hugh Lawson*
>  HUGH LAWSON, SENIOR JUDGE

ebr